**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
**ANDREA THOLKE**             :
                              :
        **Plaintiff,**     :   **01 Civ. 5495 (HB)**
                              :
        -against-         :   **OPINION & ORDER**
                              :
**UNISYS CORPORATION, ET AL** :
                              :
        **Defendants.**    :
------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

    Plaintiff Andrea Tholke ("Tholke") moves to collect attorney's fees, in the amount of $159,032.04, from defendants after this Court granted defendants summary judgment. Tholke v. Unisys Corp., 2008 WL 731595 (S.D.N.Y. March 20, 2008). For the following reasons, plaintiff's motion is denied.

## I. INTRODUCTION

    The Court assumes familiarity with the discussion of the background facts as set forth in prior opinions, thus only a summary of the facts is presented here.[1] I denied Tholke's application for attorney's fees and costs twice in 2003 WL 22077429 (S.D.N.Y. Sept. 5, 2003) and 2005 WL 180938 (S.D.N.Y. Jan. 26, 2005). Tholke brought an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, to challenge the denial of long term disability ("LTD") benefits under her employer's benefit plan. The sole relief sought in her complaint was for an order awarding her benefits under the LTD plan.

---

[1] The court assumes familiarity with the discussion of the background facts as set forth in *Tholke v. Unisys Corp*, No. 01 Civ. 5495, 2002 WL 575650 (S.D.N.Y. Apr. 16, 2002) (*Tholke I*) (remand to Committee for full and fair review); *Tholke v. Unisys Corp*, No. 01 Civ. 5495, 2003 WL 21203349 (S.D.N.Y. May 21, 2003) (*Tholke II*) (granting Defendants' motion for summary judgment); *Tholke v. Unisys Corp*, No. 01 Civ. 5495, 2003 WL 22077429 (S.D.N.Y. Sept. 5, 2003) (*Tholke III*) (denying plaintiff's attorney's fees request); *Tholke v. Unisys Corp*, No. 01 Civ. 5495, 2004 WL 960029 (2d Cir. May 5, 2004) (*Tholke IV*) (reversing district court's granting of Defendants' summary judgment motion for failure to provide plaintiff with adequate notice); *Tholke v. Unisys Corp.*, No. 01 Civ. 5495, 2004 WL 2339480 (S.D.N.Y. Oct. 18, 2004) (*Tholke V*) (following remand from the Second Circuit, granting Defendants' motion for summary judgment); *Tholke v. Unisys Corp.*, No. 01 Civ. 5495, 2005 WL 180938 (S.D.N.Y. Sept. 5, 2005) (*Tholke VI*) (denying Plaintiff's second request for attorney's fees and costs); 96 Fed. Appx. 762 (2d Cir. 2007) (*Tholke VII*) (reversing district court's granting of summary judgment to Defendants because genuine issue of material fact existed with respect to the accuracy of the Committee's July 8, 2002 minutes); and *Tholke v. Unisys Corp.*, No. 01 Civ. 5495, 2008 WL 731595 (S.D.N.Y. March 20, 2008) (*"Tholke VIII"*) (reinstating summary judgment in favor of Defendants).

After some discovery, the parties filed cross-motions for summary judgment. Tholke moved to have the Court decide *de novo* whether she is disabled and entitled to LTD benefits, and argued specifically ***against*** remanding the dispute to the Unisys Employee Benefits Administrative Committee ("Committee"). Defendants argued in their summary judgment motion that the denial of LTD benefits was not arbitrary and capricious, and in the event the Court disagreed, the appropriate remedy was to remand the dispute to the Committee for reconsideration. In an April 16, 2002 opinion, I remanded her case to the Committee to conduct a full and fair review of plaintiff's application. After further consideration, the Committee again rejected Plaintiff's claim for LTD benefits. I found in Tholke II, and again in Tholke V and Tholke VIII, that the denial of benefits was not without reason and was supported by substantial evidence and granted summary judgment to the defendant.

Plaintiff moved twice for attorneys' fees from the prevailing Defendant in Tholke III and Tholke VI. In both cases, I denied the motion and in both cases, the Plaintiff appealed. The Second Circuit did not address attorneys' fees and costs. See Tholke IV and Tholke VII (declining to review attorneys' fees and costs since the Court of Appeals remanded for further proceedings).

## II. DISCUSSION

ERISA grants district courts discretion to award reasonable attorneys' fees. 29 U.S.C. § 1132(g)(1).[2] "Although success on the merits is not, in theory, indispensable to an award of attorneys' fees under 29 U.S.C. § 1132(g)(1), ***rarely*** will a losing party in an action . . . be entitled to fees." Miles v. New York State Teamsters Conference Pension and Retirement Fund Employee Pension Benefit Plan, 698 F.2d 593, 602 (2d Cir.), *cert. denied*, 464 U.S. 829 (1983) (emphasis added); *see also* T&M Meat Fair, Inc. v. United Food and Comm'l Workers, Local *174*, No. 00 Civ. 7968, 2002 WL 31202711, at *1 (S.D.N.Y. Oct. 2, 2002) (noting that the Second Circuit has "generally limited awards to a prevailing party, even though the statutes does

---

[2] Section 1132(g)(1) provides in relevant part that "[i]n any action . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

2

not so provide"). The Plaintiff has presented no new cases that might have changed this view.[3] The Plaintiff has provided no case where Plaintiff lost on its claim for long-term benefits and succeeded in its award of attorney's fees and costs.

In Tholke I, this Court denied Tholke's motion for summary judgment for benefits under the LTD plan and remanded for further consideration by the Committee. In view of the re-evaluation completed by the Committee , this Court in Tholke II again granted defendants' summary judgment. The Court's dismissal of Tholke's complaint makes it clear that Tholke's attorney failed to obtain the relief sought in her complaint, *i.e.*, benefits under the LTD plan. In other words, defendants prevailed. Tholke has failed once more to adduce any reasons why this is the "rare" case where the prevailing party should pay the losing party's attorney's fees, Miles, 698 F.2d at 602.

Even if I were to treat Tholke's small victory in forcing the Committee to conduct a "full and fair" hearing, in compliance with 29 U.S.C. § 1133(2), as sufficient ground to warrant my indulgence in the Second Circuit's five-pronged test, Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987), I would have to find against the grant of attorneys fees. The five prongs are:

> (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

*Id.* As to the first factor, Tholke has dropped her earlier contentions that the Defendants acted in bad faith, and now simply contends that, under Locher v. UNUM Life Ins. Co., 389 F.3d 288, 299 (2d Cir. 2004), because the Court found the Committee's first review was not "full and fair,"

---

[3] Plaintiff cites a Michigan district court case to show that a plaintiff who did not prevail may still be awarded attorney's fees so long as there was some success on the merits. *Soltysiak v. Unum Provident Corp* , 480 F. Supp. 2d 970, 974 (W.D. Mich. 2007). While the court recognized the guiding principle that awarding fees and costs to the losing party is abuse of discretion, it also held, citing to other district court cases, that success included securing a remand of the case for full and fair review. Id. However, the court in *Soltysiak* also bolstered its finding by relying on evidence of bad faith. Based on my prior rulings, the lack of bad faith, and the fact that as of now, the Plaintiff is the losing party, there is still no reason to award attorney's fees and costs.

3

defendants were "more than culpable." (Pl. Memo 7-8.) Again, Tholke adduces no evidence, other than this Court's finding that the Committee's perfunctory denial of Tholke's application for long term benefits, shows defendants culpability. The Committee's decision after remand to reject Tholke's application, which entailed a more thorough investigation of the claim, weighs against concluding that the Committee's initial reliance on Massman's report was necessarily unjustified. Although the Committee may have failed to provide a "full and fair review" in the first instance, Tholke fails to proffer evidence to show that defendants' degree of culpability warrants a finding in her favor. While there is a distinction between culpability and bad faith in this first factor, see Paese v. Hartfofd Life Accident Ins. Co., 449 F.3d 435, 451 (2d Cir. 2006). The plaintiff has failed to prove either bad faith or sufficient culpability to warrant a finding in her favor on this factor.

As to the relative merits of each party's position, the fourth prong of the five part test, this Court denied virtually all aspects of the requests made by Tholke, including her opposition to remand, motion for an award of LTD benefits on summary judgment, and request for trial to determine her eligibility for such benefits. This Court denied plaintiff's claim for LTD benefits on defendants' motion for summary judgment. Clearly, the relative merits of the parties' positions still heavily favor Defendants. Lastly, the fifth prong of the five part test favors a denial of attorney's fees, the Committee ceased conducting final LTD claim reviews years before Tholke brought her lawsuit, and thus Tholke's action cannot be said to have conferred a common benefit on other plan participants in regard to the procedure now followed by the Committee. Accordingly, at least three out of the five prongs of the *Chambless* test do not favor plaintiff and bolster my conclusion that attorney's fees under these facts would be inappropriate.

### III. CONCLUSION

For the foregoing reasons, Tholke's motion for attorneys' fees is denied. The Clerk of the Court is instructed to close this motion.

**SO ORDERED**
New York, New York
April ⸺ 2008

_____
U.S.D.J.

4